# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-282V
UNPUBLISHED

| | |
|---|---|
| CLARA FITZGERALD,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 22, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

### **RULING ON ENTITLEMENT**[1]

On February 22, 2019, Clara Fitzgerald filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 31, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 8, 2020, Respondent filed a Rule 4(c) Report opposing compensation. ECF No. 21. Respondent asserted that Petitioner had not established a presumptive SIRVA because she had not produced evidence documenting that the October 31, 2017

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccine was administered intramuscularly. *Id.* at 5. A Finding of Fact was subsequently issued on November 3, 2020, in which I found that Petitioner's October 31, 2017 flu vaccine was administered intramuscularly into her left deltoid. ECF No. 26.

On December 8, 2020, Respondent filed an Amended Rule 4(c) Report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 1.  Respondent states that, "[r]ecognizing that the Chief Special Master's factual finding that the subject flu vaccination was administered intramuscularly is the law of the case, [R]espondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters."[3] *Id.* at 2.

Respondent notes that, "[i]n light of the Chief Special Master's fact finding, and medical record evidence submitted in this case, DICP will not continue to contest that [P]etitioner suffered SIRVA as defined by the Vaccine Injury Table." *Id.* at 5.  Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Respondent also reserved his right to a potential appeal of the factual ruling and maintained that a finding of entitlement to compensation cannot be sustained if the Fact Finding is vacated or overturned on appeal. Amended Rule 4(c) Report at 2 n.2.